UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMONIQUE CORNELL WILSON, *et al.*,

Plaintiffs,

v.

Case No. 25-cv-13843
Hon. Matthew F. Leitman

MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

Defendants.

______________________________________________________________/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 58) TO REPORT AND RECOMMENDATION (ECF No. 57); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S FIRST MOTION FOR LEAVE TO AMEND (ECF No. 35) AS MOOT; (4) GRANTING PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND (ECF No. 38); (5) DENYING DEFENDANTS' MOTIONS TO STRIKE (ECF Nos. 41, 45); (6) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (ECF No. 29); (7) GRANTING MOTIONS TO DISMISS (ECF Nos. 12, 15, 21, 47), AND (8) DISMISSING CLAIMS AGAINST DEFENDANTS CANTON TOWNSHIP AND CANTON TOWNSHIP DOE DEFENDANTS WITHOUT PREJUDICE**

In this action, *pro se* Plaintiffs Domonique Cornell Wilson and Jordan Vaughn allege that Defendants, the Michigan Department of Health and Human Services and others, violated their constitutional and statutory rights and committed torts against them. (*See* Compl., ECF No. 1; Proposed Am. Compl., ECF No. 39.) Wilson and Vaughn say that a false allegation of abuse was made against them, and they insist

that that false report led to (1) a warrantless search of their home by the Canton Police Department and (2) Vaughn and/or Wilson being labeled as a "perpetrator" of abuse by Defendant Julia Martin, a child protective services investigator. Plaintiffs also bring claims on behalf of their minor child, A.G. Plaintiffs say that certain Defendants violated A.G.'s rights under the Health Insurance Portability and Accountability Act ("HIPAA") and the Americans with Disabilities Act (the "ADA").

The procedural history of this action is admittedly difficult to follow. After Plaintiffs filed their initial Complaint, several Defendants filed motions to dismiss the claims brought in that pleading. (*See* Mots., ECF Nos. 12, 15, 21, 29.) Then, on February 17, 2026, Plaintiffs filed a combined "consolidated response in opposition to Defendants' motions to dismiss and motion for leave to amend" (the "First to Amend"). (*See* Mot., ECF No. 35.) Plaintiffs did not attach a proposed amended pleading to that filing. (*See id.*) A little over a week later, Plaintiffs filed (1) a second motion seeking leave to file an Amended Complaint (the "Second Motion to Amend") (*see* Mot., ECF No. 38) and (2) a proposed Amended Complaint (*see* Am. Compl., ECF No. 39.) In the proposed Amended Complaint, Plaintiffs bring the following claims against the following Defendants:

| **COUNT** | **BROUGHT AGAINST** | **BASIS OF CLAIM** |
|---|---|---|
| I | Canton Township and John Doe Canton Township Police Officers | • John Doe officers violated the Fourth Amendment when they searched Plaintiffs' home without a warrant<br>• Canton Township maintained a policy or custom of permitting warrantless searches |
| II | Michigan Department of Health and Human Services and Child Protective Services officer Julia Martin | • Defendants violated Plaintiffs' procedural due process rights when they allowed Wilson and/or Vaughn to be labeled as "perpetrator" in a child protection report |
| III | John Doe University of Michigan employees | • Defendants violated A.G.'s privacy rights under the Fourteenth Amendment and HIPAA when Defendants allowed sensitive medical images of A.G. to be released to an individual who did not have the right to access those images |
| IV | Michigan Department of Health and Human Services | • Defendant violated A.G.'s rights under the ADA when the Defendant failed to provide autism-appropriate accommodations for A.G. and denied A.G. meaningful access to public services |

Finally, multiple Defendants filed motions directed at the proposed Amended Complaint. Both Canton Township and the Michigan Department of Health and Human Services filed motions to strike the proposed Amended Complaint as improperly filed. (*See* Mots., ECF Nos. 41, 45.) And the Michigan Department of Health and Human Services filed an additional motion to dismiss the proposed Amended Complaint. (*See* Mot., ECF No. 47.)

All of the motions were referred to the assigned Magistrate Judge. On August 12, 2026, the Magistrate Judge recommended that the Court:

- Deny Plaintiffs' First Motion to Amend (ECF No. 35) as moot, grant Plaintiffs' Second Motion to Amend (ECF No. 38), and treat Plaintiffs' proposed Amended Complaint (ECF No. 39) as the operative pleading in this action;
- Deny Defendants' motions to strike the proposed Amended Complaint (ECF Nos. 41, 45);
- Deny Defendant Washtenaw County Circuit Court's motion to dismiss (ECF No. 29) as moot because that motion is directed at the initial Complaint and the Circuit Court is not named as a Defendant in the proposed Amended Complaint. Thus, it is therefore no longer part of this case;
- Treat the remaining Defendants' motions to dismiss as directed at the proposed Amended Complaint and grant all of those motions (ECF Nos. 12, 15, 21, and 47); and
- Dismiss the claims against Canton Township and the John Doe Canton Township Defendants without prejudice.

The Magistrate Judge gave the following reasons for dismissing Plaintiffs' claims against each Defendant:

| **DEFENDANT** | **RECOMMENDED BASIS FOR DISMISSAL** |
|---|---|
| University of Michigan Hospital (the "Hospital") | • The Hospital is not named as a Defendant in proposed Amended Complaint; and<br>• In the alternative, the Hospital is entitled to sovereign immunity. |
| John Doe University of Michigan Hospital Employees | • To the extent claims are brought against the Hospital's employees on A.G.'s behalf, the claims cannot be brought without counsel; and<br>• In the alternative, the claim is barred by the *Rooker-Feldman* doctrine and the Defendant employees are entitled to qualified immunity. |
| Julia Martin | • To the extent claims are brought against Martin in her official capacity, she is entitled to sovereign immunity; and<br>• To the extent claims are brought against Martin in her individual capacity, Plaintiffs have not plausibly stated (1) interference with a tangible property interest or (2) sufficient stigma. |
| The Michigan Department of Health and Human Services (the "Department") | • The Department is entitled to sovereign immunity;<br>• With respect to Vaughn and Wilson's procedural due process claim against the Department, Plaintiffs have not plausibly stated (1) interference with a tangible property interest or (2) sufficient stigma; and<br>• With respect to the ADA claim brought against the Department on A.G.'s behalf, that claim cannot be asserted by Vaughn or Wilson on A.G.'s behalf without counsel. In the alternative, the ADA claim brought on A.G.'s behalf fails on the merits. |
| Canton Township | • Plaintiffs' municipal liability claim is not supported by plausible factual allegations. |
| John Doe Canton Township Police Officers | • Plaintiffs cannot proceed against the John Doe Defendants because no other claims in the case are viable, the John Doe Defendants have not been identified, and Plaintiffs cannot proceed solely against unidentified John Doe Defendants. |

The sum total of the Magistrate Judge's recommendations is this: all of Plaintiffs' claims would be dismissed and this case would be closed. (*See* R&R, ECF No. 57, PageID.502.)

Plaintiffs have now filed objections to the Magistrate Judge's recommendations. (*See* Obj., ECF No. 58.) The Court has reviewed the objections and will rule on them individually below.[1]

**I**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas*, 474 U.S. at 149.

**II**

Plaintiffs have raised eleven enumerated objections to the R&R. (*See* Obj., ECF No. 58.) The objections are difficult to follow, and many, if not most, of the objections do not address the legal reasoning or analysis presented in the R&R.

[1] None of the Defendants have filed objections to the portions of the R&R adverse to those Defendants. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "[w]ithout expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Because the Defendants have not filed any objections to the R&R, the Court **ADOPTS** the portions of the R&R adverse to the Defendants (*i.e.*, the recommended denial of Defendants' motions to strike Plaintiffs' proposed Amended Complaint).

Thus, the objections fail on that basis alone. *See Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" by failing to address the legal basis of a report and recommendation). Indeed, where, as here, an objection does not "specifically address how [the Magistrate Judge's] factual and legal recommendations were incorrect," the objection is insufficient as a matter of law. *Id.* Thus, for that reason, and the additional reasons explained below, none of Plaintiffs' objections persuade the Court to depart from the Magistrate Judge's recommendations.

**A**

In Plaintiffs' first objection, they object to the Magistrate Judge's recommendation that the Court dismiss the claims against the unnamed John Doe Canton Township Police officers. Plaintiffs argue that their allegations state a viable claim against the officers because the "allegations identify the place searched, the governmental actors, the absence of a warrant, conduct occurring inside the home, and the circumstances surrounding the asserted consent." (Obj., ECF No. 58, PageID.505.)

This objection is not responsive to the basis for dismissal recommended by the Magistrate Judge. The Magistrate Judge did not recommend dismissing the John Doe officers because Plaintiffs had failed to plead a plausible Fourth Amendment

claim against them. In fact, the Magistrate Judge noted that "[t]aking the amended complaint's allegations as true at this stage, there is no factual basis to believe that officers had any reason to enter Plaintiffs' home without a warrant." (R&R, ECF No. 57, PageID.497.) But the Magistrate Judge nonetheless recommended dismissing the claims against the officers without prejudice because she concluded that all of Plaintiffs' other claims should be dismissed, and she explained that if the Court adopted that recommendation and dismissed all of those other claims, "the case cannot proceed solely against the unnamed Defendants." (*Id.*, PageID.501.) Because this objection is not responsive to that recommendation, it is **OVERRULED**.[2]

**B**

Next, Plaintiffs "object to treating the [John Doe] officers' entry as constitutionally valid based solely on the existence of asserted consent." (Obj., ECF No. 58.) But as explained immediately above, the Magistrate Judge did not recommend dismissing the claims against the John Doe officers on the basis of consent. The Magistrate Judge agreed with Plaintiffs that, "on the face of the amended complaint, it is unclear whether the search was undertaken with valid consent, and the individual John and Jane Doe officers should not be dismissed on

[2] Because the Court is dismissing the claims against the John Doe officers without prejudice, Plaintiffs may re-file their claims against those Defendants if they learn their identities within the period of the statute of limitations.

[that] basis." (R&R, ECF No. 57, PageID.499.) Thus, because this objection does not identify a portion of the R&R with which Plaintiffs disagree, the objection is **OVERRULED**.

**C**

In Plaintiffs' third objection, they object to the recommended dismissal of their *Monell* municipal liability claim against Canton Township. (*See* Obj., ECF No. 58, PageID.506-507.) Plaintiffs argue that they have "already pleaded" "specific facts" to support that claim. (*Id.*, PageID.506.) In support of that proposition, the Plaintiffs point the Court to their allegation in paragraph forty-five of their proposed Amended Complaint. (*See id.*) Finally in this objection, Plaintiffs ask the Court to "allow[] a focused amendment if the Court concludes greater specificity is required." (*Id.*)

This objection fails for two reasons. First, Plaintiffs have not pleaded facts to support their claim against Canton Township. The paragraph of their proposed Amended Complaint that Plaintiffs identify, paragraph forty-five, states only that "Canton Township maintained [a] policy or custom permitting such warrantless wellness searches." (Proposed Am. Compl. at ¶ 45, ECF No. 39, PageID.218.) That allegation merely states a conclusion, and the proposed Amended Complaint does not include any facts from which the Court could conclude that such a policy or custom actually exists. Second, to the extent Plaintiffs that ask for leave to amend

to bolster their *Monell* claim and/or the opportunity to take discovery on that claim, they have not shown an entitlement to that relief. Plaintiffs have already had multiple opportunities to seek leave and amend their pleadings. And they have not identified any facts currently known to them that they could include in an Amended Complaint that would render their *Monell* claim viable. Finally, "a claim must first be plausible to unlock the doors to discovery," and Plaintiffs' *Monell* claim is not plausible here. *Ammex, Inc. v. McDowell*, 443 F.Supp.3d 863, 872 (E.D. Mich. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)). For all of these reasons, this objection is **OVERRULED**.

**D**

Next, in Plaintiffs' fourth objection, they "object to the dismissal of the claim against Ms. Julia Martin to the extent that the allegations are treated as no more than dissatisfaction with an ordinary CPS allegation." (Obj., ECF No. 58, PageID.507-508.) This objection appears to relate to the Magistrate Judge's recommendation to dismiss the due process claim against Martin. But the objection does not address all of the bases for the Magistrate Judge's recommendation that the Court dismiss that claim. One basis that Plaintiffs do not address is that Plaintiffs had not pleaded facts, and could not plead facts, that could establish the stigma required to support a due process claim against Martin. (*See* R&R, ECF No. 57, PageID.488, citing *Printup v. Dir., Ohio Dep't of Job & Fam. Servs.*, 646 F. App'x 781, 785 (6th Cir. 2016).) For

example, the Magistrate Judge explained that "Plaintiffs [have] not explain[ed] how the perpetrator label could possibly have affected Vaughn's reputation, especially given that child protection reports are confidential records and are not available to the public." (*Id.*, citing Mich. Comp. Laws § 722.627(1).) She further determined that "Plaintiffs provide[d] nothing to suggest that a denial of the child protection report during the investigative stage violate[d] their due process." (*Id.*, PageID.489.) Thus, the Magistrate Judge concluded that "Plaintiffs ha[d] failed to allege the stigma, deprivation, or lack of due process required to state a viable procedural due process claim against … Martin." (*Id.*) Because Plaintiffs' objection does not address that basis for dismissal – a basis that the Court finds persuasive – the objection is **OVERRULED**.

**E**

In Plaintiffs' fifth objection to the R&R, Plaintiffs again object to the dismissal of their due process claim against Martin. More specifically, Plaintiffs object to the purported recommendation that the Court grant "qualified immunity as to Martin." (Obj., ECF No. 58, PageID.508.) But the R&R makes no such recommendation, and the Court is not dismissing the claim against Martin based on qualified immunity. This objection is therefore **OVERRULED**.

**F**

Next, Plaintiffs "object to any characterization of their CPS allegations as unsupported conclusions where independent medical documentation corroborates CPS's involvement." (*Id.*, PageID.509.) This objection does not appear to be tied to any particular recommendation of the Magistrate Judge. Instead, Plaintiffs ask that the facts identified in this objection "be considered when evaluating whether amendment of the Martin allegations would be futile." (*Id.*) But as with Plaintiffs' other objections, these factual allegations do not speak to all of the bases of the Magistrate Judge's recommended dismissal of the claims against Maritn, such as that Plaintiffs had failed to plead facts to support the existence of the stigma required to state a due process claim. Thus, the alleged facts identified in this objection are not responsive to the basis of the recommended dismissal. This objection is therefore **OVERRULED**.

**G**

In objection seven, Plaintiffs "object to any factual premise suggesting that [Vaughn] was present in the room during A.G.'s forensic interview." (*Id.*, PageID.509.) This objection does not identify any specific recommendation of the Magistrate Judge to which the objection pertains, and the objection does not persuade the Court that the Magistrate Judge erred in any of her recommendations. The objection is therefore **OVERRULED**.

**H**

In objections eight, nine, and ten, Plaintiffs object to the Magistrate Judge's recommendation that the Court dismiss the claims in Count III and IV of the proposed Amended Complaint that Vaughn and Wilson purport to bring on A.G.'s behalf. (*See id.*, PageID.510-512.) In these Counts, Vaughn and Wilson allege that Defendants violated A.G.'s rights when they (1) allowed an unauthorized individual to access A.G.'s HIPAA-protected medical images and (2) did not provide A.G. required accommodations under the ADA based on A.G.'s disabilities. (*See id.*)

Each of these objections fail because they do not respond to the primary basis of the Magistrate Judge's recommended dismissal of those Counts. The Magistrate Judge explained that the claims in Counts III and IV of the proposed Amended Complaint must be dismissed because (1) those Counts could only be brought by Vaughn and Wilson on A.G.'s behalf if Vaughn and Wilson were proceeding in that fashion through licensed counsel and (2) no such counsel has appeared in this case. (*See* R&R, ECF No. 57, PageID.494-495.) Indeed, as the Sixth Circuit has explained, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). None of Plaintiffs' objections respond to that recommendation. Thus, because the objections are not responsive to the R&R, and do not provide any basis under which the Court

could allow Vaughn and Wilson to pursue A.G.'s claims on her behalf without counsel, the objections are **OVERRULED**. Finally, the Court notes that after the Magistrate Judge concluded that Counts III and IV could not be brought by Wilson and Vaughn on A.G.'s behalf, and for that reason the claims should be dismissed without prejudice, the Magistrate Judge proceeded to review the claims on the merits, and she concluded that the claims failed and could be dismissed with prejudice. The Court chooses to follow the Magistrate Judge's initial recommendation to dismiss the claims in Counts III and IV without prejudice because they are not properly before the Court. The Court therefore reaches no conclusion about the merits of those claims.

**I**

In Plaintiffs' eleventh and final objection, they ask the Court to grant them leave to amend their Complaint. (*See* Obj., ECF No. 58, PageID.512-513.) The Court declines to do so for at least three reasons. First, Plaintiffs have already been given the opportunity to amend their Complaint, and thus they have already had a chance to amend their claims to attempt to state viable claims against the Defendants. Second, Plaintiffs have not persuaded the Court that an amendment could save any of their claims. Indeed, Plaintiffs' request to amend is general and does not "state with particularity the grounds" for their proposed amendment. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 854 (6th Cir. 2006) (affirming denial of leave to

amend). Finally, Plaintiffs' request is procedurally improper because it does not attach a proposed amended pleading. *See id.* The Court therefore declines to grant Plaintiffs leave to amend.

**III**

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Plaintiffs' objections (ECF No. 58) to the R&R (ECF No. 57) are **OVERRULED**;
- The recommended disposition of the R&R is **ADOPTED**;
- Plaintiffs' First Motion to Amend (ECF No. 35) is **DENIED** as moot and Plaintiffs' Second Motion to Amend (ECF No. 38) is **GRANTED**. Plaintiffs' proposed Amended Complaint (ECF No. 39) is hereby the operative pleading in this action;
- Defendants' motions to strike the proposed Amended Complaint (ECF Nos. 41, 45) are **DENIED**;
- Defendant Washtenaw County Circuit Court's motion to dismiss (ECF No. 29) is **DENIED** as moot;
- The remaining Defendants' motions to dismiss (ECF Nos. 12, 15, 21, and 47) are **GRANTED**;

- The claims in Counts I, III, and IV of the proposed Amended Complaint are **DISMISSED WITHOUT PREJUDICE**; and
- Finally, the claims in Count II of the proposed Amended Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126